IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PRESTON R. CURNETT                                                      PLAINTIFF

v.                                 Civil No. 6:20-CV-06003

SHAQUILLE BROWN (Sergeant,                                   DEFENDANTS
Correctional Officer, Ouachita River
Correctional Facility, ADC); LT. DELANEY
(Sergeant, Correctional Officer, Ouachita
River Correctional Facility, ADC);
ARKANSAS DEPARTMENT OF
CORRECTION

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Hon. Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on January 10, 2020. (ECF No. 2). It was transferred to this District on January 14, 2020. (ECF No. 3). On January 15, 2020, the Court entered an Order directing Plaintiff to file an Amended Complaint, and Plaintiff did so on January 23, 2020. (ECF No. 9).

Plaintiff alleges that Defendant Brown physically assaulted him on January 10, 2018, while he was incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita River Unit.

1

(ECF No. 9 at 8). He alleges he was then racially discriminated against by Defendant Brown after the assault. (*Id.*). Plaintiff does not provide factual details for either the assault or the discrimination. Plaintiff further alleges that he filed a grievance concerning the altercation with Defendant Delaney on January 25, 2018. On January 29, 2018, Plaintiff was transferred from the Ouachita River Unit to the Varner SuperMax ("VSM") Unit. (*Id.*). Plaintiff does not allege that he was transferred in retaliation for his grievance. Plaintiff alleges he did not receive a response to his grievance after his transfer, and when he inquired about the grievance he was told that no grievance was filed. (*Id.*). When he filed a grievance at VSM about the altercation he was told this was not a VSM problem. (*Id.*) When he filed another grievance, it was denied as untimely. (*Id.* at 9). Plaintiff alleges that Defendant Delaney deliberately made the grievance process unavailable to him in order to protect his coworker, Defendant Brown. (*Id.* at 8).

Plaintiff proceeds against all Defendants in both their official and personal capacities. (*Id.* at 4, 5). Plaintiff seeks compensatory and punitive damages. He also seeks a transfer to a work release facility or a transfer from the ADC to Arkansas Community Correction.[1] (*Id.* at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] The administration of prisons is not within the province of the courts except in the very rare case where there is undisputed evidence demonstrating that an inmate is subject to an "unusually high risk of physical danger." *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983). There is no such evidence in this case. Thus, the Court does not have the authority to direct ADC as to the specific housing of any inmate. Plaintiff should continue to pursue administrative relief within the ADC in this regard.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Arkansas Department of Correction

Plaintiff's claims against the Arkansas Department of Correction are subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

#### B.  Official Capacity Claims – ADC Employees

"A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As Defendants Brown and Delaney are employees of the Arkansas Department of Correction, Plaintiff's official capacity claims against them are also subject to dismissal.

### C. Personal Capacity Claims – Physical Assault and Racial Discrimination

Plaintiff provides no factual details concerning either of these claims, instead making only the conclusory statements that Defendant Shaquille assaulted him and then engaged in racial discrimination against him after the assault. Plaintiff fails to allege any specific factual details to describe the assault, any injuries from the assault, or the discriminatory conduct. *See Martin v. Sargent*, 780 F.2d at 1337 (even a *pro se* Plaintiff must allege specific facts sufficient to support a claim). Plaintiff, therefore, fails to allege a plausible claim for either excessive force or racial discrimination.

### D. Personal Capacity Claim – Denial of Grievance Process

Plaintiff alleges that Defendant Delaney made the grievance process unavailable to him in order to protect his coworker. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a … grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the grievance procedure is not actionable under § 1983." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"). Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Plaintiff, therefore, fails to state a claim against Defendant Delaney based on any failure to process his grievance.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. The dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE